**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CHRISTINE ADAMS,
*on behalf of herself and all*
*others similarly situated,*

Plaintiff,
v.

OLIPHANT FINANCIAL, LLC,
*a Florida limited liability company*,
and JH PORTFOLIO DEBT EQUITIES,
LLC, *a foreign limited liability company*,

Defendants.
______________________________________/

Case No.:

**CLASS REPRESENTATION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

**COMES NOW**, Plaintiff, CHRISTINE ADAMS (hereinafter, "Plaintiff"**),** by and through undersigned counsel, and sues Defendants, OLIPHANT FINANCIAL, LLC (hereinafter, "Oliphant"), and JH PORTFOLIO DEBT EQUITIES, LLC (hereinafter, "JH"), (hereinafter collectively, "Defendants"), and alleges:

## INTRODUCTION AND PRELIMINARY STATEMENT

1. This is a class action brought against Defendants for their routine and systematic violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, *et seq*. (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices, prohibits debt collectors from falsely asserting legal rights, and which also requires debt collectors give debtors certain information at specific time periods. *See* 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692e(11); and 15 U.S.C. § 1692g(a)(1)-(5).

2. Specifically, Plaintiff alleges that Defendants routinely and systematically attempt to collect consumer debts through the use of a form debt collection letter (hereinafter, "Form Letter"), which is attached hereto as **Exhibit A**, in violation of the FDCPA. The Form Letter deceptively asserts that it is not an attempt to collect a debt. Despite this assertion, however, the Form Letter contains extensive language that is consciously placed on the Form Letter to intimidate, coerce, and scare consumers into paying a debt while purposefully failing to disclose, as required by the FDCPA, that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose. Finally, the Form Letter fails to timely provide its recipients notice of a consumer's FDCPA-required validation and verification rights. As a result, Defendants have violated the FDCPA.

## PARTIES, JURISDICTION & VENUE

3. At all times herein, Plaintiff was and is a natural person residing in Pinellas County, Florida.

4. The Form Letter was sent to hundreds if not thousands of Florida consumers throughout the State of Florida.

5. Putative Class Members, as defined herein, who live throughout the State of Florida also received Form Letters.

6. The alleged FDCPA violations at issue in this action occurred in all counties in the State of Florida, thereby conferring jurisdiction on the District Court of the Southern District of Florida, Miami Division, pursuant to 15 U.S.C. 1692k.

7. Venue is proper before this Court pursuant to 28 U.S.C., Section 1391(b)(1), as all Defendants are deemed to be residents of Florida pursuant to 28 U.S.C., Section

1391(d). Specifically, each Defendant is subject to personal jurisdiction in all districts in the State of Florida based on its sufficient contacts and business transactions therein. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Consol Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000); *Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992); *Sofrar, S.A. v. Graham Eng'g Corp.*, 35 F.Supp.2d 919, 921 (S.D. Fla. 1999).

8. Defendants each do business in the counties located in this District.

9. Defendant Oliphant is a foreign profit corporation existing under the laws of the State of Florida, with its principal place of business located in Sarasota, Florida.

10. Defendant JH is a foreign limited liability company existing under the laws of the State of Missouri. JH maintains its principal place of business in the State of Missouri.

11. Defendant Oliphant's principal purpose is collection of debts allegedly owed to another using telephone and mail. Further, Defendant Oliphant regularly collects or attempts to collect debts, directly or indirectly, owed or due another.

12. Defendant JH's principal purpose is the buying and subsequent collection of debts allegedly owed to another using telephone and mail. Further, Defendant JH regularly collects or attempts to collect debts, directly or indirectly, owed or due another.

13. When Defendant Oliphant or its representatives calls or writes a consumer, it means that the consumer's obligation to the original lender are now an obligation to Defendant Oliphant as a result of Defendant Oliphant's and/or JH's agreement with the

original lender. Please see attached a true and correct copy of the relevant pages of Defendant Oliphant's website labeled **Exhibit B**.[1]

14. Oliphant's website, states: "**This company is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose**." *See* **Exhibit B**.

**REPRESENTATIVE ALLEGATIONS**

15. In 2014, Defendant Oliphant, on Defendant JH's behalf, attempted to collect a debt from Plaintiff, specifically a Capital One, N.A. credit card obligation referenced by account number ending in -4404 (herein also referred to as "the Debt").

16. Plaintiff's Debt was a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

17. At all material times herein, Plaintiff's Debt is consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

18. Plaintiff is a "consumer" or "debtor" as that term is defined in 15 U.S.C. § 1692a(3).

19. Defendants are each a "debt collector" as that term is defined in 15 U.S.C § 1692a(6).

20. At the time Defendants Oliphant and JH were assigned the Debt, the Debt was in default.

21. On or about February 3, 2014, Defendant Oliphant, on Defendant JH's behalf, sent Plaintiff a Form Letter in an attempt to collect the Debt. Please see attached a true and correct copy of the Form Letter labeled as **Exhibit A**.

---

[1] http://www.oliphantfinancial.com

22. Defendant Oliphant, on Defendant JH's behalf, sent Plaintiff the Form Letter in connection with collection of the Debt.

23. The Form Letter was an indirect attempt by Defendant JH to collect the Debt from Plaintiff, using Oliphant as the medium to convey the Debt collection information and message (i.e., the Form Letter).

24. The Form Letter conveyed information to Plaintiff regarding the Debt.

25. Specifically, the Form Letter contained the original Capital One, N.A. account number and stated the current owner, the new Oliphant account number, and the current account balance, as well as other Debt related information.

26. The Form Letter also stated that its purpose was to notify Plaintiff that the account had a new owner and that Defendant Oliphant was the new servicer of the Debt.

27. The Form Letter, however, had a second purpose: to collect the Debt from Plaintiff without having to provide Plaintiff with the FDCPA-required validation and verification disclosures.

28. The Form Letter also advised Plaintiff that further communications should be addressed to Defendant Oliphant, as servicer for Defendant JH.

29. Finally, the Form Letter provides Plaintiff with a 1-800 number to call Defendant Oliphant to discuss the Debt as well as provided Plaintiff Defendant Oliphant's hours of operation.

30. As such, the Form Letter was a communication sent in connection with the collection of the Debt despite explicitly stating it was not an attempt to collect the Debt and that no Debt collection efforts would occur for at least thirty (30) days.

31. In sending the Form Letter to Plaintiff, Defendant Oliphant was a debt collector as defined by 15 U.S.C. § 1692a(6).

32. In sending the Form Letter to Plaintiff, Defendant JH was a debt collector as defined by 15 U.S.C. § 1692a(6).

33. At no time on or before February 3, 2014 did Defendants have oral communications with the Plaintiff regarding the Debt.

34. The Form Letter, sent by Defendant Oliphant on Defendant JH's behalf, was the initial written communication to Plaintiff regarding the Debt.

35. The Form Letter, sent by Defendant Oliphant on Defendant JH's behalf, was the first letter sent to Plaintiff regarding Plaintiff's Debt.

36. The Form Letter was sent to Plaintiff to initiate Plaintiff's thinking about the Debt and to induce Plaintiff to immediately contact Defendants to either settle or pay the Debt.

37. The Form Letter was a "communication" as that term is defined in 15 U.S.C. § 1692a(2).

38. The Form Letter did not disclose that Defendant Oliphant was attempting to collect a debt or that any information Defendants obtained would be used for that purpose.

39. Any information Defendants obtained from Plaintiff calling to discuss the Debt would be used to collect the Debt despite failing to advise Plaintiff of the same.

40. Defendants would use, and use, any and all information obtained from Plaintiff in her response to the Form Letter for the purpose of collecting Plaintiff's Debt.

41. The Form Letter was sent by Defendant Oliphant in connection with collection of Plaintiff's Debt.

42. The Form Letter was sent by Defendant Oliphant in connection with nothing else other than the eventual collection of Plaintiff's Debt.

43. Although the Form Letter itself did not contain a demand for payment of Plaintiff's Debt, the Form Letter provided information regarding the nature of the Debt, advised Plaintiff that Defendant JH was the new owner of Plaintiff's Debt, advised Plaintiff that Defendant Oliphant would be collecting the Debt in the future, and explained when collection on the Debt would purportedly begin.

44. The Form Letter did not provide a statement that unless the Plaintiff, within thirty (30) days after receipt of the letter, disputed the validity of the Debt, or any portion thereof, the Debt would be assumed to be valid by the Defendant Oliphant.

45. Further, the Form Letter also did not provide a statement that if the Plaintiff notified Defendant Oliphant in writing within the thirty (30) day period that the Debt, or any portion thereof, was disputed, then Defendant Oliphant would obtain verification of the Debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff.

46. Finally, the Form Letter did not provide a statement that, upon Plaintiff's written request within the thirty (30) day period, Defendant Oliphant would provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

47. The Form Letter was a purposeful, deceptive ploy, consciously drafted by Defendant Oliphant, on Defendant JH's behalf and with its input, direction and knowledge,

to gain an advantage in the debt collection marketplace, by stating that the Form Letter was not an attempt to collect a debt, despite purposefully being exactly that: an attempt to collect the Debt. Please see attached true and correct copies of other debt collectors' Florida Statutes, Section 559.715 notice of assignment of debt letters that validly and lawfully include the FDCPA-required validation and verification notice, labeled **Composite Exhibit C**.

48. Defendants purposefully included information in the Form Letter, including the balance of the Debt and their contact information should Plaintiff want to contact Defendant Oliphant regarding the Debt.

49. Defendants’ statements in the Form Letter were intended to deceive, confuse, and scare Plaintiff into contacting Defendant Oliphant to make payment on the Debt before Defendants notified Plaintiff, directly or indirectly, of her FDCPA rights, as more specifically referenced herein.

50. Defendants sent no subsequent written communication to Plaintiff within five (5) days of the Form Letter.

51. Defendants sent no subsequent written communication to Plaintiff within five (5) days of the sending Plaintiff the Form Letter, fully informing Plaintiff of her rights as enumerated under 15 U.S.C. § 1692g.

52. In sum, Defendant Oliphant, on Defendant JH’s behalf and with its input, direction and knowledge, attempted to collect Plaintiff’s Debt via an unlawful and misleading Form Letter which failed to timely inform Plaintiff of her rights under the FDCPA while communicating with her both in an attempt to collect the Debt and in connection with the collection of the Debt.

53. Plaintiff has retained the law firms Leavengood, Dauval, Boyle & Meyer, P.A. as counsel for the purpose of pursuing this matter against Defendants and is obligated to pay her attorneys a reasonable fee for their services.

54. Title 15, United States Code, Section 1692k provides for an award of up to $1,000.00 in statutory damages, and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter in this action against Defendants.

55. Any and all necessary conditions precedent to the bringing of this action have either occurred or have been waived or excused by the Defendants.

## CLASS ACTION ALLEGATIONS

59. Defendant Oliphant, on Defendant JH's behalf, sends the Form Letter to consumers whose accounts have been sold by the original creditor to Defendant JH.

60. Defendant Oliphant, on Defendant JH's behalf, does not send the Form Letter to non-consumers.

61. Defendant Oliphant, on Defendant JH's behalf, does not send the Form Letter to collect non-consumer debts.

62. The Form Letter was Defendants' *first letter* sent to Plaintiff and Class Members in the State of Florida in connection with the collection of their respective debts.

63. The Form Letter was Defendants' *first communication* sent to Plaintiff and Class Members in the State of Florida in connection with the collection of their respective debts.

64. The Form Letter was Defendants' *first written communication* sent to Plaintiff and Class Members in the State of Florida in connection with the collection of their respective debts.

65. The Form Letter was Defendants' *initial written communication* sent to Plaintiff and Class Members in the State of Florida in connection with the collection of their respective debts.

66. Defendants' policy was to initiate no further communication with Plaintiff and Class Members in the State of Florida to whom they had sent the Form Letter until at least thirty (30) days after the date noted on the Form Letter.

67. Defendants' policy was to accept and/or record telephone calls from Plaintiff and Class Members during the thirty (30) day period that began on the date noted on Plaintiff and Class Members respective Form Letters.

68. Defendants' policy was to accept payment from Plaintiff and Class Members on their respective debts during the thirty (30) day period that began on the date noted on Plaintiff and Class Members respective Form Letters.

69. Defendants policy was to use any information they obtained from Plaintiff and Class Members to collect their respective Debts as a result of any calls Plaintiff and Class Members placed to Defendant after receipt of the Form Letter.

70. Defendant Oliphant took and recorded calls from Plaintiff and Class Members during the thirty (30) day period that began on the date noted on Plaintiff and Class Members respective Form Letters.

71. Defendants accepted payment from Plaintiff and Class Members on their respective debts during the thirty (30) day period that began on the date noted on Plaintiff and Class Members respective Form Letters.

72. As of the date of the filing of this Complaint, Defendant Oliphant, on Defendant JH's behalf, continues to send the same Form Letter to consumers in the State of Florida.

73. As of the date of the filing of this Complaint, Defendant Oliphant, on Defendant JH's behalf, continues to send the same Form Letter to consumers outside of the State of Florida.

74. In the instances in which Defendant Oliphant, on Defendant JH's behalf, sent the Form Letter to Plaintiff and Class Members, neither Defendant Oliphant, nor Defendant JH, sent subsequent written communication to Plaintiff and Class Members within five (5) days of the date of the Form Letter.

75. Defendants did not send a subsequent written communication to Plaintiff and Class Members within five (5) days of the date of the Form Letter.

76. Defendant Oliphant, on Defendant JH's behalf, has sent over one hundred (100) Form Letters to debtors in the State of Florida in the one-year period of time prior to the date of filing of this Complaint.

77. Defendant Oliphant, on Defendant JH's behalf, has sent over five hundred (500) Form Letters to debtors in the State of Florida in the one-year period of time prior to the date of filing of this Complaint.

78. Defendant Oliphant, on Defendant JH's behalf, has sent over one thousand (1,000) Form Letters to debtors in the State of Florida in the one-year period of time prior to the date of filing of this Complaint.

79. In sending Plaintiff and Class Members the Form Letter, Defendants were, indirectly and directly, each acting as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

80. In sending Plaintiff and Class Members the Form Letter, Defendants attempted to collect a consumer debt.

81. In sending Plaintiff and Class Members the Form Letter, Defendants were communicating with Plaintiff and Class Members in connection with the collection of a consumer debt.

82. The Form Letter conveys information to Plaintiff and Class Members regarding their respective debts.

83. The Form Letter, when sent to Plaintiff and Class Members, is a "communication" as defined by 15 U.S.C. § 1692a(2).

84. At the time Defendant JH was assigned Plaintiff's and Class Members' respective debts, the debts were in default.

85. Defendant Oliphant, on Defendant JH's behalf, asserted in the Form Letter Plaintiff's and Class Members' current balance on their respective debts.

86. The Form Letter conveys to Plaintiff and Class Members the identity of the original creditor on each of their respective debts.

87. The Form Letter conveys to Plaintiff and Class Members the original account number on each of their respective debts.

88. The Form Letter conveys to Plaintiff and Class Members Defendant Oliphant's hours of operation and provides a toll free number for to call to discuss their respective debts.

89. Defendants knowingly, intentionally, and deceptively drafted and sent the Form Letter to Plaintiff and Class Members in an attempt to collect debts, notwithstanding the Form Letters' express assertion to the contrary.

90. Defendants knowingly, intentionally, and deceptively drafted and sent the Form Letter to Plaintiff and Class Members in connection with the collection of their respective debts.

91. The Form Letter provides the balance of Plaintiff's and Class Members' debts allegedly owed to Defendants.

92. The Form Letter expressly advises Plaintiff and Class Members that Defendant Oliphant will be collecting their respective debts for Defendant JH after thirty (30) days from the date of the Form Letter.

93. The Form Letter expressly advises Plaintiff and Class Members that Defendant Oliphant is a debt collector.

94. The Form Letter expressly advises Plaintiff and Class Members that all future communication regarding their respective debts should be addressed to Defendant Oliphant.

95. Defendants further knowingly and purposefully included the aforementioned language to deceive Plaintiff and Class Members into believing they absolutely owed the alleged debts, without alerting Plaintiff and Class Members to their rights under the FDCPA, specifically, their right to dispute the debt and receive validation, as required by 15 U.S.C. § 1692g(a) *et seq*.

96. Defendants knowingly and purposefully drafted and mailed the Form Letter in an attempt to collect the debts from Plaintiff and Class Members without having to notify Plaintiff and Class Members of their validation and verification rights under the FDCPA because such consumer rights are cumbersome and are hurdles to Defendants' profitability and ability to collect debts from Plaintiff and Class Members.

97. Defendants Form Letter is part of Defendants' calculated scheme to ensure Plaintiff and Class Members will make payments on their respective debts without first consulting legal counsel or disputing their debts, either of which would prolong Defendants' timely realization of revenue as a result of Plaintiff and Class Members invoking their FDCPA dispute, validation and verification rights.

98. Defendants designed the Form Letter to give the appearance of simply providing notice of assignment of Plaintiff and Class Members respective debts. The Form Letter, however, is knowingly, intentionally and specifically designed to also induce payment from Plaintiff and Class Members upon receipt of the Form Letter.

99. The Form Letter does not disclose to Plaintiff and Class Members that Defendant Oliphant, on Defendant JH's behalf, is attempting to collect a debt and that any information obtained will be used for that purpose.

100. Other debt collectors who collect consumer debts in Florida routinely provide notice of assignment of the debt and notice of FDCPA required consumer protection disclosures (i.e., validation and verification disclosures under 1692g and the full mini-Miranda under 1692e(11)) in the initial communication sent in connection with the collection of the debt, or in a communication within five days thereafter.

101. Other debt collectors who collect consumer debts in Florida do not also claim that their "notice of assignment" letters are not attempts to collect a debt. To the contrary, they state affirmatively that such notices are attempts to collect debts, as required by law.

102. Defendants intentionally designed the Form Letter to depart from industry practice in a manner that gives Defendants an unfair competitive advantage over other debt buyers and debt collectors.

103. Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), Plaintiff brings this class action on behalf of herself and all other similarly situated consumers, consisting of a class defined as:

> All consumer debtors who were sent, in connection with the collection of a debt, or in an attempt to collect a debt, the From Letter, in the same form, substance or improper purpose as the Form Letter attached as **Exhibit A**, from Defendants, to consumer debtors at addresses in the State of Florida within the one-year period of time prior to the filing of this Complaint up through and including the date of filing of this Complaint (herein, "Class" or "Class Members").

Excluded from the Class are all directors, officers, agents, representatives and employees of Defendants and courts to which this case may be assigned.

104. This action is properly brought as a class action under Rule 23 for the following reasons:

(a) The Class consists of hundreds or possibly thousands of persons, making the members of the Class so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

(b) There are questions of law and fact common to the Class Members, which questions predominate over any question affecting only individual Class Members. The predominant questions of law and fact include:

1) Whether Defendants violated the FDCPA when they used false representations and deceptive means in the Form Letter, as further discussed above, in a calculated scheme to collect debts from

Plaintiff and Class Members in violation of 15 U.S.C. § 1692e(10).

2) Whether Defendants violated the FDCPA when they failed to provide Plaintiff and Class Members the information Defendants were required to provide pursuant to 15 U.S.C. § 1692e(11) in their initial written communication to Plaintiff and Class Members;

3) Whether Defendants violated the FDCPA by failing to disclose to Plaintiff and Class Members either within the Form Letter itself, or within five days after the date of the Form Letter, the validation and verification information and statements specifically contained in 15 U.S.C. § 1692g(a)(3), (4), and (5);

4) Whether Plaintiff and Class Members are entitled to statutory damages under the FDCPA;

5) The amount of damages to which Plaintiff and Class Members are entitled;

6) Whether Plaintiff and Class Members are entitled to costs and attorney's fees, and if so, in what amount.

105. Defendants have acted or refused to act on grounds generally applicable to the Class as a whole in that it has engaged in a routine and systematic course of conduct consisting of mailing consumers the Form Letter, which is a deceptive collection practice, falsely represents the respective rights and obligations of Defendants, Plaintiff and Class Members, and neither contains the FDCPA-required notice regarding the debt collection purpose of the communication nor notice regarding a consumers' rights to request the validation and verification of debts.

106. Plaintiff's claims are typical of the claims of the proposed Class Members as all claims are based on the same factual and legal theories.

107. Plaintiff will fairly and adequately protect the interests of the Class Members and Plaintiff has no conflicts with the other Class Members.

108. Plaintiff has retained as counsel attorneys that are experienced in consumer, class action and complex litigation.

109. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

a) Given the size of the proposed Classes, individual joinder of each Class Members' claims are impracticable;

b) Members of the Class are likely to be unaware of their rights;

c) Given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to litigation on this scale;

d) When the liability of Defendants have been adjudicated, claims of all members of the Class can be determined by the Court;

e) This action will cause an orderly and expeditious administration of the Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be insured;

f) Other available means of adjudicating the claims of Plaintiff and Class Members–such as hundreds or thousands of individual actions

brought separately and pursued independently in courts throughout the state–are impracticable and inefficient; and

g) This action presents no difficulties that would preclude management by the Court as a class action.

110. United States Code, Title 15, Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages for each named Plaintiff, actual damages, and in the case of a class action, such amount as the court may allow for all other Class Members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000.00 or 1 per centum of the net worth of the debt collector, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against Defendants.

**COUNT ONE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 U.S.C., SECTION 1692e(10)**

Plaintiff re-alleges paragraphs one (1) through one hundred ten (110) as if fully restated herein and further states as follows:

111. Defendants are subject to, and have violated the provisions of, 15 U.S.C., Section 1692e(10) by using false representation and deceptive means in their attempts to collect debts from Plaintiff and Class Members.

112. Defendants' Form Letter is deceptive because it can be reasonably read to have two or more different meanings, one of which is inaccurate.

113. Specifically, Defendants' Form Letter contained language indicating it was not attempting to collect a debt; the Form Letter, however, also provides Plaintiff and Class Members information regarding their balance.

114. Defendant Oliphant, on Defendant JH's behalf, then advises Plaintiff and

Class Members on how to call Defendant Oliphant by providing their toll free number.

115. Defendants knew that the threat of a balance of Plaintiff and Class Members respective debts would provoke a reaction, inspiring them to call and pay their debts upon receipt of the Form Letter.

116. Defendants intentionally designed the Form Letter to depart from industry practice in a manner that gives Defendant an unfair competitive advantage over other debt collectors in the industry. *See* **Composite Exhibit C**.

117. Defendants designed the Form Letter to give the appearance of simply providing notice of assignment; however, the Form Letter is intentionally designed to communicate enough information to Plaintiff and Class Members regarding the debt to induce Plaintiff and Class Members to call Defendant Oliphant and make payment on their respective debts.

118. Defendants knowingly and intentionally advised Plaintiff and Class Members this was not an attempt to collect the Debt with the intent and purpose of confusing Plaintiff and Class Members by both providing conflicting information in the Form Letter and overshadowing the other express debt collection language and information conveyed in the Form Letter.

119. Defendants further knowingly and intentionally designed the Form Letter to advise Plaintiff and Class Members it was not an attempt to collect the Debt with the intent and purpose to both convey information to Plaintiff and Class Members without having to also advise them of their FDCPA validation and verification rights and full mini-Miranda rights, as required under 15 U.S.C., Sections 1692g and e(11), respectively, and

to provide Defendants an alibi or defense if and when the Form Letter was challenged as unlawful, as it is being challenged here.

120. Defendants use the Form Letter to deceive the consumer, collect debt, and increase their profitability relative to, and to the detriment of, their competitors.

121. As a direct and proximate result of Defendants' actions in violation of 15 U.S.C., Section 1692e(10), Plaintiff and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF 15 U.S.C., SECTION 1692e(11)

Plaintiff re-alleges paragraphs one (1) through one hundred ten (110) as if fully restated herein and further states as follows:

122. Defendants are subject to, and have violated the provisions of, 15 U.S.C., Section 1692e(11) by failing to disclose to Plaintiff and Class Members in the Form Letter that the Defendants were attempting to collect a debt and that any information obtained would be used for that purpose.

123. The Form Letter qualifies as a "communication" under the FDCPA as it conveys information to the Plaintiff's and Class Members' regarding their respective debts by referencing the original creditor, the current creditor, the new Defendant Oliphant account number, the current balance of the debt and by explaining that debt collection will take place thirty days after the date of the Form Letter.

124. The Form Letter, which was sent to Plaintiff and Class Members, does not contain a statement that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

125. As the Form Letter is an attempt to collect the debt, Defendants are required to provide Plaintiff and Class Members a full "mini-Miranda" notice under 15 U.S.C., Section 1692e(11), but fail to do so.

126. As a direct and proximate result of Defendants' actions in violation of 15 U.S.C., Section 1692e(11), Plaintiff and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.

**COUNT THREE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF 15 U.S.C., SECTION 1692g(a)**

Plaintiff re-alleges paragraphs one (1) through one hundred ten (110) as if fully restated herein and further states as follows:

127. Defendants are also subject to, and have violated the provisions of, 15 U.S.C., Section 1692g(a) by failing to send to Plaintiff and Class Members in its initial communication in connection with collection of the debt (**Exhibit A**), or within five days after Defendant's initial communication in connection with collection of a debt (**Exhibit A**), written notice of the following statements:

a. A statement that unless the Plaintiff or Class Members, within thirty days after receipt of the notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendants;

b. A statement that if the Plaintiff or Class Members notify the Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the Defendants will obtain verification of the debt or a copy of a judgment against the Plaintiff or Class Members and a copy of such verification or judgment will be mailed to the Plaintiff or Class Members by the Defendants;

and

c. A statement that, upon the Plaintiff's or Class Members' written request within the thirty-day period, the Defendants will provide the name and address of the original creditor, if different from the current creditor.

138. Defendants failed to disclose the aforementioned validation and verification disclosures in its initial communication sent to Plaintiff and Class Members *in connection* with the collection of the Debt (**Exhibit A)** as required by the FDCPA.

139. Defendants also did not send Plaintiff and Class Members another written communications containing the aforementioned FDCPA-required validation and verification disclosures within five days after sending the Form Letter.

140. As a direct and proximate result of Defendants' actions in violation of 15 U.S.C., Section 1692g(a), Plaintiff and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and Class Members respectfully request the following relief:

a. An Order certifying the Class requested herein, appointing Plaintiff as class representative to act on behalf of the Class and appointing her attorneys as counsel for the Class;

b. Judgment against Defendant for statutory damages under the FDCPA, in an amount to be determined at trial, caused by Defendant's conduct;

c. Declaratory and injunctive relief from continued collection practices by Defendants that are deemed violative of the FDCPA;

d. An award of reasonable attorneys' fees, costs and interest thereon; and

e. Any other such relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

**SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence – paper, electronic documents or data – pertaining to this potential litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

*/s/ J. Andrew Meyer*

**J. Andrew Meyer, Esq., FBN 0056766**
**Ian R. Leavengood, Esq., FBN 10167**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
ameyer@leavenlaw.com
*Attorneys for Plaintiff and Class Members*